**SAUL EWING LLP**
Ryan L. DiClemente, Esq.
750 College Road East
Princeton, NJ  08540
(609) 452-3100
Co-counsel for Defendant
*Trader Joe's Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAROLD M. HOFFMAN,** individually and on behalf of those similarly situated, | Civil Action No.: |
| **Plaintiff,** | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(d)** |
| **v.** | (CLASS ACTION FAIRNESS ACT OF 2005) |
| **TRADER JOE'S COMPANY,** | |
| **Defendant.** | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(a) and

(c), and 1446, Defendant TRADER JOE'S COMPANY ("Trader Joe's" or

"Defendant"), by its attorneys, hereby removes this action from the Superior Court

of New Jersey, Law Division, Bergen County, Docket No. BER-L-1200-13, to the

United States District Court for the District of New Jersey.  In support of this

Notice of Removal, Defendant states as follows:

1.     Plaintiff Harold M. Hoffman ("Plaintiff"), individually and on behalf

of those similarly situated, originally commenced this putative nationwide class

action by filing a Complaint against Defendant in the Superior Court of New

1

Jersey, Law Division, Special Civil Part, Bergen County, New Jersey, where it is presently captioned as <u>Hoffman v. Trader Joe's Company</u>, Docket No. BER-L-1200-13. No further proceedings before the state court have occurred.

2.      Pursuant to 28 <u>U.S.C.</u> §1446(a), a copy of the Complaint, the only process, pleading, or order received by Defendant in this action, is attached hereto as **Exhibit A.**

3.      This removal is timely because this removal has been filed within 30 days after Defendant received the Complaint, which was filed in Bergen County Superior Court on February 14, 2013, and received on February 19, 2013.

4.      The Superior Court of New Jersey, Law Division, Bergen County, is located within the District of New Jersey, Newark Vicinage.  Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." <u>See</u> 28 <u>U.S.C.</u> §1441(a).

5.      No previous application has been made for the relief requested herein.

6.      This is a civil action of which this court has original jurisdiction under 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA"); to wit, the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000.

7.    Plaintiff admits that "[t]he Class is comprised of hundreds of consumers throughout the United States," which on its face is at least 200 purported members. *Compl., ¶28.*

8.    Plaintiff further admits that he is a resident of New Jersey. *Compl., ¶1.*

9.    Defendant, is not a citizen of New Jersey; it is a California corporation, with its principal place of business in Monrovia, California, as Plaintiff admits. *Compl., ¶2.*

10.    The amount "in controversy" exceeds the $5,000,000 jurisdictional amount required by CAFA, 28 U.S.C. § 1332(d).  Specifically, Plaintiff is seeking, in part, disgorgement of all monies paid to Defendant in connection with the purchase of the dietary supplement at issue. *Compl. ¶¶54-58.* Defendant's gross sales of the dietary supplement at issue exceed $5,000,000 for the putative class period.    Plaintiff's Complaint also seeks treble damages, punitive damages, attorney fees, costs, pre-judgment interest and post-judgment interest. *See Compl., Counts I – VI.*

11.    Plaintiff's statement that the amount in controversy "is less than $5 million" is irrelevant for purposes of removal in light of the Supreme Court of the United States' recent decision in <u>The Standard Fire Ins. Co. v. Knowles</u>, No. 11-1450, 568 U.S. ___ (Mar. 19, 2013). *Compl., ¶28.*

12.   Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal of this action is being immediately filed with the Superior Court of New Jersey, Bergen County, Law Division.

13.   Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal of this action is being caused to be served upon counsel for the Plaintiff.

WHEREFORE, Defendant TRADER JOE'S COMPANY prays that the above-captioned action, formerly pending in a court of the State of New Jersey, proceed in this Honorable Court, and that the proceedings be governed by the applicable federal rules and statutes.

SAUL EWING LLP
Co-counsel for Defendant
*Trader Joe's Company*

Dated:  March 20, 2013

s/Ryan L. DiClemente
Ryan L. DiClemente

Michael J. Hassen (Bar No. 124823)
Jeffer Mangels Butler & Mitchell, LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone:  (415) 398-8080
Facsimile:  (415) 398-5584
Email:  mjh@jmbm.com

Counsel for Defendant
Trader Joe's Company
*To be admitted pro hac vice*

4

# Exhibit A

HAROLD M. HOFFMAN, ESQ.
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
*ATTORNEY FOR PLAINTIFF AND THE PUTATIVE CLASS*

SUPERIOR COURT BERGEN COUNTY
**FILED**

FEB 1 4 2013

**DEPUTY CLERK**

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY - LAW DIVISION<br><br>DOCKET NO.: BER-L-*1200* -13<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND IN CLASS ACTION** |

## OVERVIEW

By this civil action, Plaintiff brings claims on his own behalf and on behalf of those

similarly situated (the "Class"), to redress nationwide injury inflicted on the United States

consumer public. As detailed below, Defendant, on a nationwide basis, advertised,

promoted, marketed and sold, in retail stores throughout the nation, including the State of

New Jersey, a dietary supplement known as *Calcium Citrate with Vitamin D* ("Calcium

with Vitamin D"), widely used by consumers because such supplements delivers a number

of health benefits, including decreased bone loss, prevention of osteoporosis, and lower

cardiovascular mortality rates.

As alleged below, Defendant's promises and representations, in both product advertising and product labeling, concerning the concentration of Vitamin D in its product, were false.  Specifically, Defendant claims that its Calcium with Vitamin D contains (per three tablet daily recommended dose) 400 International Units ("IU") of Vitamin D-3.  In truth and in fact, based upon sophisticated, independent laboratory analysis, Defendant's product contained <u>172.5%</u> of the claimed concentration of Vitamin D-3. Thus, instead of providing 400 IU of vitamin D-3 per daily serving, Defendant's product contained almost 700 IU of vitamin D3, an amount which is grossly excessive, entirely undisclosed, entirely inconsistent with product labeling, and, as we allege, potentially harmful to the unknowing consumer. As alleged below, Defendant took consumers' money in exchange for the promise of the reliable quality, testing and labelling standards , and delivered to them, in return, a product, for daily consumption, tainted by an undisclosed overdose of a potentially harmful ingredient. The putative class comprises all nationwide purchasers of Defendant's Calcium with Vitamin D for the four year period preceding the filing of this suit.

1.      At all times relevant, Plaintiff Harold M. Hoffman had a place of residence in the State of New Jersey, County of Bergen. Plaintiff was exposed to and read, saw and/or heard Defendant's advertising and marketing claims and promises with respect to constituent ingredients in Defendant's Calcium with Vitamin D, and thereafter purchased the product, in Bergen County, New Jersey, in or about November of 2012.

2.     At all relevant times, Defendant TRADER JOE'S COMPANY, was a corporation organized and existing pursuant to the laws of the State of California, with a principal place of business located in Monrovia, CA.  Upon information and belief, Defendant advertises, markets and sells a wide range of retail products to consumers throughout the nation, including but not limited to dietary supplements, at dozens of retail locations throughout the country, with purported adherence to the highest quality, testing and labelling standards.

3.     Defendant advertised, marketed, distributed and sold Calcium with Vitamin D in commerce throughout the United States, including but not limited to the State of New Jersey.

4.     At all relevant times, plaintiff was and is a consumer, with a place of residence in the State of New Jersey, County of Bergen.

5.     At all relevant times, Defendant constituted a "person" as defined in the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

6.     For the four-year period preceding the filing of this action, Defendant, through television, radio, internet, electronic mail, telephone, and other marketing, as well as through retail distribution throughout the nation including the State of New Jersey, marketed, advertised, promoted and offered its products to consumers, including a product called Calcium with Vitamin D.

7.     Vitamin D is a fat-soluble vitamin. There are two major forms of vitamin D: D-2 (ergocalciferol) and D-3 (cholecalciferol). Both vitamin D2 and D3 appear to be absorbed with equal efficiency and, at moderate doses, are equally able to raise levels of 25-hydroxyvitamin D, the hormonally active form of vitamin D and a clinical measure of vitamin D status. Vitamin D-3, the form of vitamin D in Defendant's Calcium with Vitamin D, is produced naturally in human skin exposed to ultraviolet B light and occurs in some animal products, such as cod liver oil, and, in smaller amounts, in other fatty fish such as herrings, mackerel, sardines, and tuna. Vitamin D-3 is the most common form used in dietary supplements and is the form generally used to fortify foods such as milk. Vitamin D-3 is made by the conversion of cholesterol compounds, such as 7-dehydroxycholesterol from lanolin found in sheep's wool.

8.     Vitamin D regulates the amount of calcium and phosphorus in the body, partly by controlling their levels of absorption. Vitamin D treats and prevents rickets in children and osteomalacia (bone softening) in adults. Taken with calcium, vitamin D can help decrease post-menopausal bone loss and prevent osteoporosis (loss of bone density), as well as improves tooth retention in the elderly. In girls ages 9 to 13, regular supplementation with calcium and vitamin D has been shown to significantly increase bone density and bone strength. Research has also found that men with low levels of vitamin D in the blood are at increased risk for heart attack compared to those with higher (but not excessive) Vitamin D levels, even after adjusting for other risk factors and physical activity.

This may contribute to the higher rate of cardiovascular mortality among black Americans compared to white Americans, as blacks tend to have lower vitamin D levels. Similarly, adults with low vitamin D levels are more likely like to suffer from hypertension, coronary artery disease, cardiomyopathy, and diabetes than those with higher, but not excessive, levels.

9.      Raising low levels of vitamin D may also reduce inflammation in the body. In a study of blood from thousands of adult Americans, levels of C-reactive protein (CRP), a marker of inflammation, decreased as vitamin D levels increased; up to a point. In fact, rather than reducing inflammatory response, the inflammatory response increased when too much vitamin D was dosed. Such result, reinforces the importance of avoiding intake of too much vitamin D. Indeed, too much intake of vitamin D has been associated with health risk. For example, high dose vitamin D has been shown to increase the risk of falls and fractures in the elderly.

10.     In connection with the marketing, advertisement and sale of Calcium with Vitamin D, Defendant affirmatively promised and represented that its product contained 400 IU of Vitamin D-3, per three tablet daily dose.

11.     Prior to purchasing Defendant's product, plaintiff was seeking and in need of a product that would, among other things, deliver the health benefits associated with proper dosing - but not undisclosed overdosing - of Vitamin D.

12.     The affirmative promises and representations made by Defendant in connection with the concentration of Vitamin D in its Calcium with Vitamin D, as aforesaid, were false. In fact, Defendant has significantly misrepresented and mis-labeled its product. According to detailed, independent, third-party laboratory analysis of Defendant's product, and despite Defendant's labeling promises as above noted, Calcium with Vitamin D contains **172.5%** of the claimed concentration of Vitamin D-3. Thus, instead of providing 400 IU of vitamin D-3 per daily serving, Defendant's product contains almost 700 IU of vitamin D3, an amount which is grossly excessive, entirely undisclosed, entirely inconsistent with product labeling, and, potentially harmful to the unknowing consumer.

13.     After being ingested, both vitamin D2 and D3 are metabolized in the liver and kidneys. The Institute of Medicine ("IOM") notes that studies have shown an increase in adverse events (including overall mortality, some cancers, cardiovascular disease, and fractures and falls) associated with high levels of vitamin D in the blood. Following nearly a quarter million people in Denmark for a median of three years, researchers found that people with high serum levels of vitamin D had a 42% higher risk of dying during the study than people with a more moderate level. Excessive intake of vitamin D as a supplement can also result in hypercalcemia (too much calcium in the blood) with symptoms including constipation, confusion, weakness, loss of appetite and painful calcium deposits. It is also particularly important to avoid excessive vitamin D during pregnancy, as hypercalcemia in a mother can lead to seizures, mental and/or physical retardation, and other problems

in an infant.

14.     Plaintiff and members of the putative class are purchasers of Calcium with Vitamin D and, prior to purchasing the product, saw, read and/or heard Defendant's advertisements, promises and representations, with respect to specified concentrations of Vitamin D in Defendant's product as well as maintaining high quality, testing and labelling standards.

15.     Plaintiff and members of the class, prior to purchasing the product, saw, read and/or heard Defendant's promises and representations as aforesaid, and made an out of pocket payment to Defendant in response thereto.

16.     The very purpose of the New Jersey Consumer Fraud Act is to protect consumers, such as the putative class members at bar, from being victimized by false promises and claims with respect to product quality, testing, labeling and constituent ingredients.

17.     In truth and fact, Defendant misrepresented the concentration of Vitamin D in its product. Plaintiff and members of the class paid for a product that Defendant affirmatively represented to adhere to high quality, testing and labelling standards. In truth, the product sold by Defendant was tainted by an undisclosed overdose of a potentially harmful ingredient.

18.     Here, consumers, including plaintiff, made purchasing decisions and did, in fact, make purchases from Defendant based upon Defendant's specific representations of product constituent ingredients. Yet, detailed, independent, third-party laboratory analysis of defendant's product showed it to be tainted by an undisclosed overdose of a potentially harmful ingredient.

19.     Defendant, in marketing a purportedly salutary nutritional supplement, containing specific ingredients – in specific concentrations – has affirmatively misrepresented and mislabeled its product.

20.     The affirmative promises and representations made by Defendant – both in product labeling and in marketing representations – in connection with its product are false and misleading.   Indeed, Defendant has affirmatively misrepresented the product's concentration of Vitamin D and its salutary benefits.   In truth and in fact, Defendant's product was tainted by an undisclosed overdose of a potentially harmful ingredient which exposes consumers to undisclosed harm and toxicity. Plaintiff and members of the class were entitled to trust the Defendant's labeling and marketing representations with respect to the safety, quality, testing, labeling, and constituent ingredients of its product.   The product delivered by Defendant to plaintiff and members of the putative class misrepresented the safety, quality, testing, labeling and constituent ingredients of defendant's product.

21.     Defendant's advertisements, promises and representations concerning Calcium with Vitamin D are false and constitute a deception; a misrepresentation; an unconscionable trade practice; a sharp and deceitful marketplace practice, and are a false promise.

22.     Defendant's advertisement, promises, representations and labeling concerning the constituent ingredients of Calcium with Vitamin D in specific, inaccurate concentrations result in nationwide consumers who purchased it being subjected to misrepresentation, false promise, fraud, deceit, trickery and false and deceptive advertising.

23.     Defendant has made affirmative misrepresentations in connection with the sale, marketing and/or advertisement of its product, Calcium with Vitamin D.

24.     Plaintiff and members of the putative class suffered ascertainable loss in the form of actual out of pocket payment and expenditure, as aforesaid, as a result of Defendants' unlawful conduct as aforesaid.  Plaintiff and members of the putative class paid hard earned money and received from Defendant, in exchange, a product containing undisclosed, overdosed concentrations of a potentially harmful ingredient.  Indeed, there was a substantial difference between the price paid by consumers, including plaintiff, for the Defendant's product, and the represented value of the product.

25.     Here, plaintiff and members of the class suffered ascertainable loss when they received, for their money, a tainted, misrepresented product less than, and different from,

the product promised by Defendant. The Defendant's product failed to measure up to the consumers' reasonable expectations based on the representations made by Defendant. Thus, purchasers of said product were injured and suffered loss.

26.     For their money, plaintiff and members of the class received something less than, and different from, what they reasonably expected in view of Defendant's representations. As a result, they suffered ascertainable loss. Additionally, Defendant's false labeling of Calcium with Vitamin D subjected consumers to potential harm.

27.     Defendant marketed and sold Calcium with Vitamin D - and consumers purchased it - on the premise that the product was tested and properly labeled as to constituent ingredients. It was not. Thus, there is a causal relationship between the Defendant's misrepresentations of the product's constituent ingredients and the loss suffered by plaintiff and class members.

## CLASS ALLEGATIONS

28.     Plaintiff brings this suit as a class action individually and in behalf of others similarly situated pursuant to New Jersey Court Rule 4:32. Subject to additional information obtained through further investigation and/or discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of all nationwide purchasers of Calcium with Vitamin D for the four-year period preceding the filing of this suit. As to the individual plaintiff, the amount in controversy in this action, including, without limitation,

compensatory, treble, and/or punitive damages and counsel fees, is less than $75,000.00. As to the putative plaintiff class, the amount in controversy in this action, including, without limitation, compensatory, treble, and/or punitive damages and counsel fees, is less than $5 million. This action has been brought and may properly be maintained as a class action pursuant to New Jersey Court Rule 4:32.

**Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised of hundreds of consumers throughout the United States.

**Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

a. Whether Defendant made affirmative misrepresentations in violation of the New Jersey Consumer Fraud Act;

b. Whether Defendant misrepresented the concentration of Vitamin D in its Calcium with Vitamin D; and

c. The appropriate measure of damages sustained by the Plaintiff and/or other members of the Class.

**Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Class, purchased Calcium with Vitamin D after exposure to the same misrepresentations and/or omissions in Defendants' advertising and labeling and

received a product less than and different from the promised product, and potentially more dangerous. Plaintiff is advancing claims and legal theories typical to the Class.

**Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

29.     Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

30.     This suit may be maintained as a class action because Defendant has acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final relief.

31.     At bar, Plaintiff presently seeks no injunctive relief.

32.     **Superiority:** In addition, this suit may be maintained as a class action because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who

purchased Calcium with Vitamin D. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually effectively and cost-efficiently to redress Defendant's wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

COUNT I

33.    Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

34.    Defendant's conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

35.    As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and

post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

COUNT II

36.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

37.     Defendant's conduct constitutes deception in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

38.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

COUNT III

39.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

40.     Defendant's conduct constitutes fraud in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

41.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

WHEREFORE, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT IV

42.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

43.     Defendant's conduct constitutes false pretense, false promise and/or misrepresentation, in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

44.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

WHEREFORE, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT V

45.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

46. Defendant's conduct constitutes knowing concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon such concealment, suppression and/or omission, in connection with the sale or advertisement of any merchandise in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

47. As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT VI

48. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

49. Defendant, in the advertisement, marketing and sale of Calcium with Vitamin D, deliberately engaged in deception, false pretense, false promise and/or misrepresentation with respect to material facts, and did so with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.

50. Defendant, in the advertisement, marketing and sale of Calcium with

Vitamin D, deliberately and knowingly engaged in concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.

51.     As a proximate result of defendant's conduct, members of the class were damaged.

52.     Defendant's conduct constitutes common law fraud.

**WHEREFORE**, plaintiff, in behalf of the class, demands judgment against the Defendant for treble damages and/or punitive damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT VII

53.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

54.     As a result of Defendant's false and deceptive advertisements, promises and representations concerning the constituent ingredients of Calcium with Vitamin D in specific concentrations, and as a consequence of Defendant's unconscionable trade practices, its sharp and deceitful marketplace practices, and its false promises, all as aforesaid, the class members paid money to and conferred a benefit upon Defendant in

connection with the sale of Calcium with Vitamin D by Defendant to class members, which benefit was received and continues to be retained by Defendant.

55.    Retention of that benefit without reimbursement by Defendant to all class members would be unjust and inequitable.

56.    Retention of that benefit by Defendant at the expense of all class members would be unjust and inequitable.

57.    Defendant, as a result of its false and deceptive conduct as aforesaid, became indebted to class members for the sums paid by class members to Defendant for purchase of a misrepresented product. Retention of said sums, without reimbursement, would result in the unlawful, unjust and inequitable enrichment of Defendant beyond its lawful rights in connection with the sale of Calcium with Vitamin D to class members.

58.    All monies paid by class members to Defendant for purchase of Calcium with Vitamin D, including all interest earned by Defendant on such monies while in wrongful possession thereof, should be disgorged by Defendant and reimbursed to class members under principles of unjust enrichment.

59.    As a proximate result of Defendant's conduct, members of the class were damaged.

WHEREFORE, plaintiff, in behalf of the class, demands judgment against the Defendant for reimbursement of sums paid by class members to Defendant for purchase of a misrepresented product, Calcium with Vitamin D, together with pre-judgment and

post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT VIII

60.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

61.     In or about November of 2012, Plaintiff entered into a contract with Defendant to purchase Calcium with Vitamin D.

62.     In connection with such purchase contract, Defendant, as seller, made promises to Plaintiff, as purchaser, as to the constituent ingredients of Calcium with Vitamin D in specific concentrations that became part of the basis of the bargain.  These same promises were made by Defendant to all members of the class that purchased Calcium with Vitamin D.

63.     The aforesaid promises made by Defendant, which factored into the purchase by Plaintiff and class members of Calcium with Vitamin D from Defendant, created an express warranty that Defendant's product conformed to Defendant's promises.

64.     Plaintiff and class members believed that Calcium with Vitamin D conformed to Defendant's promises and that they would derive the benefits promised by Defendant.

65.     Calcium with Vitamin D did not conform to Defendant's promises of

constituent ingredients of Calcium with Vitamin D in specific concentrations . Thus, Defendant breached its express warranty.

66. Upon information and belief, class members gave notice to Defendant that Calcium with Vitamin D did not conform to Defendant's promises of constituent ingredients in specific concentrations.

67. As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged by paying monies to purchase a product that failed altogether to conform to Defendant's express promises and warranty.

WHEREFORE, plaintiff, in behalf of the class, demands judgment against the Defendant for damages in an amount to be proven at trial, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

### COUNT IX

68. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

69. At all relevant times, Defendant was a merchant with respect to the Calcium with Vitamin D product sold by Defendant to Plaintiff and members of the class. Thus, a warranty that the Calcium with Vitamin D product was merchantable was implied in all contracts of sale of Calcium with Vitamin D by Defendant to class members.

70.     Defendant breached the implied warranty of merchantability with respect to Calcium with Vitamin D in that it failed to conform to Defendant's promises of specified constituent ingredients and quality.  Further, the Calcium with Vitamin D product, as a result of Defendant's false labeling and the tainted nature of the product, was not fit for the ordinary purpose for which it was intended to be used.

71.     Upon information and belief, class members gave notice to Defendant that Calcium with Vitamin D did not conform to Defendant's promises of accurate labeling, quality and implied warranty of merchantability.

72.     As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged by paying monies to purchase a product that failed altogether to conform to Defendant's implied warranty of merchantability and fitness for intended purpose.

**WHEREFORE**, plaintiff, in behalf of the class, demands judgment against the Defendant for damages in an amount to be proven at trial, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

Dated: February 13, 2013

HAROLD M. HOFFMAN, ESQ.
*Counsel for Plaintiff and the Putative Class*
240 Grand Avenue
Englewood, NJ 07631
hoffman.esq@verizon.net

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, the Court is respectfully advised that Harold M.

Hoffman, Esq., is hereby designated as trial counsel in behalf of plaintiff and is further

designated as putative class counsel in behalf of the putative class.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Harold M. Hoffman, counsel for plaintiff, hereby certifies that the matter in

controversy is not the subject of any other known pending action in this or any other

Court or any pending arbitration, nor is any other action or arbitration known to be

contemplated. At this time, no other known party, other than members of the class, are

anticipated for joinder.

I certify that the foregoing is true to the best of my knowledge. I am aware that if

any of the foregoing is wilfully false, I am subject to punishment.

_____

HAROLD M. HOFFMAN, ESQ.

Dated: February 13, 2013

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| HAROLD M. HOFFMAN, ESQ. | (201) 569-0086 | Bergen |

FIRM NAME (If applicable)

DOCKET NUMBER (When available)
L- 1200 -13

OFFICE ADDRESS

240 GRAND AVENUE, ENGLEWOOD, NJ 07631-4352

hoffman.esq@verizon.net

DOCUMENT TYPE
COMPLAINT

JURY DEMAND ☒ YES ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| HAROLD M. HOFFMAN, Individually and on behalf of those similarly situated | HAROLD M. HOFFMAN, Individually and on behalf of those similarly situated v. TRADER JOE'S COMPANY |

CASE TYPE NUMBER
(See reverse side for listing)

699

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐YES ☒NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN

☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES ☒NO

IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)
☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

This case is brought as a putative class action seeking recovery in behalf of a class of consumer purchasers and alleges that defendant(s) engaged in deceptive and unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act.

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐YES ☒NO

IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

Revised Effective 9/2009, CN 10517

 

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
506 PIP COVERAGE
510 UM or UIM CLAIM
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603 AUTO NEGLIGENCE – PERSONAL INJURY
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
699 TORT – OTHER

**Track III — 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES
620 FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280 Zelnorm
285 Stryker Trident Hip Implants

**Mass Tort (Track IV)**
248 CIBA GEIGY
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE
272 BEXTRA/CELEBREX
274 RISPERDAL/SEROQUEL/ZYPREXA
275 ORTHO EVRA
277 MAHWAH TOXIC DUMP SITE
278 ZOMETA/AREDIA

279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
283 DIGITEK
284 NUVARING
286 LEVAQUIN
601 ASBESTOS
619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold     ☒ Putative Class Action     ☐ Title 59

Revised Effective 9/2009, CN 10517





**Entity Name:** **TRADER JOE'S COMPANY**

**Date:** 2/19/2013

**Receipt Method:** FedEx

**Case Number:** BER-L-1200-13

**Plaintiff:** Harold M. Hoffman

**Defendant:** Trader Joe's Company

**Document Type:** Summons & Complaint

https://www.fedex.com/shipping/html/en/PrintIFrame.html



From: (201) 569-0086
Harold M. Hoffman

240 Grand Avenue

Englewood, NJ 07631

Origin ID: TEBA

FedEx Express

**E**

J81012149028

BILL SENDER

SHIP TO: (999) 999-9999
**PARACORP INC.**
**Trader Joe's Compnay**
**2804 GATEWAY OAKS DR**
**STE 200**
**SACRAMENTO, CA 95833**

Ship Date: 18FEB13
ActWgt: 0.2 LB
CAD: 9414832/NET3370

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

TUE - 19 FEB  A1
STANDARD OVERNIGHT

TRK# 7947 7122 8415
0201

95833
CA-US
SMF

**XH SMFA**

5185I6F2I4834B

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed name along the horizontal line.

http://kepler.sos.ca.gov/cbs.aspx

California Secretary of State Debra Bow

**Secretary of State**

Administration   Elections   Business Programs   Political Reform   Archives

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, February 08, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | TRADER JOE'S COMPANY |
| Entity Number: | C0253027 |
| Date Filed: | 04/11/1958 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 800 S SHAMROCK AVE |
| Entity City, State, Zip: | MONROVIA CA 91016 |
| Agent for Service of Process: | PARACORP INCORPORATED |
| Agent Address: | 2804 GATEWAY OAKS DR STE 200 |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

* If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
* For information on checking or reserving a name, refer to **Name Availability**.
* For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
* For help with searching an entity name, refer to **Search Tips**.
* For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

**Business Entities (BE)**

Online Services
 - E-File Statements of Information for Corporations
 - Business Search
 - Processing Times
 - Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information (annual/biennial reports)

Filing Tips

Information Requests (certificates, copies & status reports)

Service of Process

Contact Information

FAQs

Resources
 - Business Resources
 - Tax Information
 - Starting A Business

Customer Alerts
 - Business Identity Theft
 - Misleading Business Solicitations

HAROLD M. HOFFMAN, ESQ.
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF AND THE PUTATIVE CLASS*

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>TRADER JOE'S COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY - LAW DIVISION<br><br>DOCKET NO.: BER-L-1200-13<br><br>CIVIL ACTION<br><br>**SUMMONS** |

From the State of New Jersey To the Defendant(s) named above:

# TRADER JOE'S COMPANY

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $200 filing fee, payable to the Clerk of the Superior Court, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*/S/ Jennifer M. Perez*
Jennifer M. Perez, Acting Superior Court Clerk

Dated: February 18, 2013

Name of Defendant to be Served:     **TRADER JOE'S COMPANY**
Address of Defendant to be Served:  c/o Paracorp Inc., 2804 Gateway Oaks Dr., Ste 200, Sacramento, CA 95833

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section - Rm 113
Justice Center - 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
49 Rancocas Rd., 1st Fl.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Records, Suite 150
101 S. Fifth St.
Camden, NJ 08103-4001
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
Court House
9 N. Main Street
Cape May, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., PO Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 533-6755
Legal Services
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Delaware Streets
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 964-9400

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Administration Bldg
Hudson Fee Office, Room G-9
595 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Court House
175 S. Broad St., PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Court House, 1st Fl.
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Park, PO Box 1260
Court House
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
Civil Division
PO Box 910
Morristown, NJ 07930-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 121
118 Washington St.
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market St., PO Box 29
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 3rd Fl.
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 107
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

2/04

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK       NJ 07601-7680
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS
```

```
                    DATE:    FEBRUARY 14, 2013
                    RE:      HOFFMAN VS TRADER JOES COMPANY
                    DOCKET:  BER L -001200 13
```

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON BRIAN R. MARTINOTTI

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      004
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              HAROLD M. HOFFMAN
                              240 GRAND AVNEUE
                              ENGLEWOOD          NJ 07631


JUBLEC0